# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4156

TROY J. GREEN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-02-26)

Submitted: June 10, 2003

Decided: July 7, 2003

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Troy Green appeals his convictions and the 200-month sentence imposed by the district court after a jury found him guilty of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841, 846 (2000), distribution of crack cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841, 860 (2000), and distribution of crack cocaine, in violation of 21 U.S.C. § 841. Finding no reversible error, we affirm.

On appeal, Green first contends the evidence was insufficient to support his conspiracy conviction. To determine whether there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). We do not weigh the evidence or determine the credibility of the witnesses. Rather, the jury verdict must be upheld if there is substantial evidence to support the verdict. *Id.*; *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). Green fails to meet this burden.

Green also challenges the district court's application of the Sentencing Guidelines, contending the district court erred in calculating the drug amounts attributable to him at sentencing. The district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). We find no clear error in the district court's determination of the drug quantity attributable to Green.

Green also contends the district court erred in imposing a two-point enhancement for obstruction of justice pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002). We review for clear error. *United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995). We find no clear error in the district court's imposition of this enhancement.

Finally, Green contends the district court erred in refusing to allow him to argue at closing that because the Government did not call any of his co-conspirators as witnesses, the jury could infer their testimony would have been exculpatory to Green. When a party has it peculiarly within his power to produce witnesses whose testimony would elucidate issues important to the trial, that he does not do so creates the presumption that the testimony, if produced, would be unfavorable. *United States v. Brooks*, 928 F.2d 1403, 1412 (4th Cir. 1991) (citing *United States v. Rollins*, 862 F.2d 1282, 1297 (7th Cir. 1988)). The contested witnesses, however, were equally available to Green and the Government. Green could have subpoenaed them to appear and examined them at trial but did not do so, nor did he request a "missing witness" instruction at trial. Thus, Green was not entitled to argue to the jury that inferences adverse to the Government's case should be drawn from the prosecution's failure to call any of Green's co-conspirators as trial witnesses. *See Brooks*, 928 at 1411-12.

Accordingly, we affirm Green's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*